UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, NATIONAL )
STABILIZATION AGREEMENT OF THE )
SHEET METAL INDUSTRY TRUST FUND, )
et al., )
    Plaintiffs, )
)
v. ) Case No. 1:13-cv-01507 (TSE/IDD)
)
CRENSHAW & BURKE CONSTRUCTION, )
INC., )
d/b/a Crenshaw Brothers Construction, Inc., )
a/k/a Crenshaw Brothers Construction, )
)
    Defendant. )



FILED APR 23 2014 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## REPORT AND RECOMMENDATION

This matter is before the Court on the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), National Energy Management Institute Committee ("NEMIC"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (collectively, "Funds" or "Plaintiffs") Motion for Default Judgment against Crenshaw & Burke Construction, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 9.) After a licensed attorney for Defendant failed to appear at the hearing on March 7, 2014, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I. **INTRODUCTION**

On December 9, 2013, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c). (Compl. ¶ 1.) These acts allow parties to enforce provisions of their collective bargaining agreements. In filing their Complaint, Plaintiffs seek unpaid contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs, pursuant to ERISA, LMRA, and the collective bargaining agreements executed between Plaintiffs, Local Union 12 of the Sheet Metal Workers' International Association ("Union 12"), and Defendant. (Compl. at 8-10, Ex. 1.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145 because the funds are administered from Plaintiffs' principal place of business in Fairfax, Virginia. (Mem. Supp. Default J. at 2.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in *Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040,

2

1045 (E.D. Va. 1997).[1] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132(e)(2) and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). (Compl. ¶¶ 1, 14.) Venue is also properly situated in the Eastern District of Virginia because the breach of the collective bargaining agreements and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (Compl. ¶ 3.)

## B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing district court's entry of default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

---

[1] This Court held that the Eastern District of Virginia had personal jurisdiction over the defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national contacts" theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h). Individuals are properly served under subsection (e)(2) by delivering to the person a copy of the summons and the complaint. *Id.* at 4(e)(2).

On January 3, 2014, a private process server delivered copies of the Summons and Complaint to Toni Crenshaw, who is designated by law to accept service on behalf of Defendant, in Philadelphia, Pennsylvania. (Dkt. No. 4.) Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on December 9, 2013. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleading in this matter. On January 28, 2014, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On January 29, 2014, the Clerk entered default against Defendant. (Dkt. No. 6.) On February 21, 2014, Plaintiffs filed a Motion for Default Judgment and the Court held a hearing on the matter on March 7, 2014. (Dkt. Nos. 9, 12.) After Defendant failed to appear at the March 7, 2014 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS[2]

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment and memorandum in support thereof, as well as the affidavits and documents submitted in proof of damages.

---

[2] Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

4

Plaintiffs are the trustees of multiemployer employee benefit plans[3] administered from offices located in Fairfax, Virginia. (Compl. ¶¶ 4-10; Mem. Supp. Default J. at 2.) Defendant is a Pennsylvania corporation. (Compl. ¶ 14.) At all relevant times, Defendant was an "employer in an industry affecting commerce," as defined by 29 U.S.C. §§ 1002(5), (11), and (12) and 29 U.S.C. §§ 152(2), (6), and (7). (Compl. ¶ 14.)

Defendant entered into a collective bargaining agreement ("Labor Contract") with Union 12. (Compl. ¶ 16, Ex. 1.) In addition to the Labor Contract, Defendant entered into certain Trust Agreements with Plaintiffs. (Compl. ¶ 17.) Pursuant to the Labor Contract and Trust Agreements, Defendant agreed to pay Plaintiffs certain sums of money for each hour worked by employees of Defendant covered by the Labor Contract. (Compl. ¶ 18.) Aside from requiring the payment of certain sums of money, Defendant was also obligated to submit monthly remittance reports to Plaintiffs, detailing all employees or work for which contributions were required. (*Id.*)

In violation of the Labor Contract, the Trust Agreements, and Defendant's obligations under federal law, Defendant employed certain employees covered under the Labor Contract and failed to make proper contributions under ERISA (Count I) and the Labor Contract (Count II) for work performed at Defendant's request. (Compl. ¶¶ 26, 30.) Specifically, Defendant failed to submit the required remittance reports and to pay timely such contributions due and owing to Plaintiffs on behalf of its employees for work covered during the period of June 2013 through October 2013. (Compl. ¶ 26.) Defendant has also failed to pay liquidated damages and interest for its failure to make timely payments to Plaintiffs for the same period. (Compl. ¶ 27.)

---

[3] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

Under the Labor Contract, Trust Agreements, rules and regulations of the funds, and ERISA law, Defendant agreed to: (1) make full and timely payment on a monthly basis to Plaintiffs; (2) file timely remittance reports with Plaintiffs detailing all employees or work for which contributions were required for each fund under the Labor Contract; (3) produce, upon request by Plaintiffs, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligations to Plaintiffs and to pay the cost of the audit; and (4) pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amounts due as a consequence of the failure to comply with the other contractual and statutory obligations. (Compl. ¶¶ 21-23.) Therefore, Plaintiffs are entitled to recover (1) the full amount of unpaid contributions; (2) interest on the unpaid contributions;[4] (3) liquidated damages;[5] and reasonable attorneys' fees and costs.

### A. Count I – Recovery under ERISA

In support of their request for relief, Plaintiffs rely on the declaration of Walter Shaw, the Manager of the Billing Department for the NPF[6] ("Shaw Decl."). Based on this declaration, the undersigned finds that Defendant owes Plaintiffs a total of $37,810.90, as specified in the following table, for the failure to pay contributions due during the period of June 2013 through October 2013.

---

[4] Interest is assessed at the rate of 8.5% per annum from the date due through the date of payment. In this case, the parties have agreed to the rate in their contract rather than the statutory rate established under 28 U.S.C. § 1961. ERISA does not limit the ability of parties to a contract to increase obligations beyond the statutory floor. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc.*, No. 1:08cv15, 2008 WL 640252, at *3 (E.D. Va. Mar. 5, 2008). Such interest accrues until payment is made.

[5] Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), liquidated damages are calculated at twenty percent (20%) of the unpaid contributions.

[6] The NPF also monitors the remittance and collection of monthly fringe benefit contributions for the ITI, SASMI, NEMIC, and SMOHIT. (Shaw Decl. ¶ 1.)

6

| *Plaintiff Fund* | *Delinquent Contributions* | *Interest through 2/15/2014* | *Liquidated Damages* | *TOTAL* |
|---|---|---|---|---|
| NPF | $25,897.59 | $773.95 | $5,179.48 | $31,851.02 |
| ITI | $282.24 | $7.85 | $56.43 | $346.52 |
| SASMI | $4,559.82 | $141.61 | $911.93 | $5,613.36 |
| *TOTAL* | **$30,739.65** | **$923.41** | **$6,147.84** | **$37,810.90** |

(Mem. Supp. Default J. at 27.)

### B. Count II – Recovery Under the Labor Contract

Pursuant to the Labor Contract and 29 U.S.C. § 185(a), Defendant's failure to submit monthly remittance reports and failure to make contributions due to Plaintiffs for the months of June 2013 through October 2013 entitles Plaintiffs to recover the same type of damages as recoverable under ERISA. Based on the Shaw Declaration, the undersigned finds that Defendant owes Plaintiffs a total of $38,916.67, as specified in the following table, for the failure to pay contributions due during the period of June 2013 through October 2013.

| *Plaintiff Fund* | *Delinquent Contributions* | *Interest through 2/15/2014* | *Liquidated Damages* | *Pre-Litigation Liquidated Damages*[7] | *TOTAL* |
|---|---|---|---|---|---|
| NPF | $25,897.59 | $773.95 | $5,179.48 | $820.09 | $32,671.11 |
| ITI | $282.24 | $7.85 | $56.43 | $9.41 | $355.93 |
| NEMIC | $70.56 | $1.95 | $14.10 | $2.35 | $88.96 |
| SMOHIT | $47.05 | $1.31 | $9.39 | $1.57 | $59.32 |
| SASMI | $4,559.82 | $141.61 | $911.93 | $127.99 | $5,741.35 |
| *TOTAL* | **$30,857.26** | **$926.67** | **$6,171.33** | **$961.41** | **$38,916.67** |

(Mem. Supp. Default J. at 26.)

---

[7] Pre-litigation liquidated damages are calculated at the greater of $50.00 or 10% of the contribution amount paid prior to the commencement of litigation. For the Funds, the pre-litigation liquidated damages were calculated for delinquent payments from February 2011 through April 2012.

7

Although the ERISA Funds (NPF, ITI, and SASMI) are entitled to relief under both the Labor Contract and ERISA, they do not seek a double recovery to which they are not entitled.

### C. Attorneys' Fees and Costs

The labor agreements and Section 502(g)(2) of ERISA provide that an employer may be required to pay all attorneys' fees and costs incurred in connection with a breach of its obligations under the agreements. In support of their request for attorneys' fees and costs, Plaintiffs submitted the declaration of Jessica L. Reynolds, an associate attorney at the firm Jennings Sigmond, P.C. ("Reynolds Decl."), as well as a time sheet itemizing the time spent by various attorneys and staff ("Jennings Sigmond, P.C. Time Sheet"). Based on these submissions, Plaintiffs seek $5,224.84 in attorneys' fees and costs ($4,503.50 in attorneys' fees and $721.34 in costs). (Reynolds Decl. ¶ 2; Jennings Sigmond, P.C. Time Sheet.) After having examined and reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the requested fees and costs are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.

| *Attorneys' Fees* | *Costs* | *TOTAL* |
|---|---|---|
| $4,503.50 | $721.34 | $5,224.84 |

(Jennings Sigmond, P.C. Time Sheet.)

### III. RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and affidavits establish that Plaintiffs are entitled to a default judgment, and therefore, recommends entry of default judgment in favor of Plaintiffs and against Defendant, Crenshaw & Burke Construction, Inc. The undersigned finds that Plaintiffs are entitled to damages in the total amount of $44,141.51, in accordance with the following:


| Plaintiff Fund | Delinquent Contributions | Interest through 2/15/2014 | Liquidated Damages | Pre-litigation Liquidated Damages | Attorneys' Fees and Costs | TOTAL |
|---|---|---|---|---|---|---|
| NPF | $25,897.59 | $773.95 | $5,179.48 | $820.09 | $4,597.86 | $37,097.37 |
| ITI | $282.24 | $7.85 | $56.43 | $9.41 | $0.00 | $355.93 |
| NEMIC | $70.56 | $1.95 | $14.10 | $2.35 | $0.00 | $88.96 |
| SMOHIT | $47.05 | $1.31 | $9.39 | $1.57 | $0.00 | $59.32 |
| SASMI | $4,559.82 | $141.61 | $911.93 | $127.99 | $626.98 | $6,368.33 |
| TOTAL | $30,857.26 | $926.67 | $6,171.33 | $961.41 | $5,224.84 | $44,141.51 |

## IV. NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Crenshaw & Burke Construction, Inc.
d/b/a Crenshaw Brothers Construction, Inc.
a/k/a Crenshaw Brothers Construction
1854 E. 26th Street
Erie, PA 16510-2524

/s/
Ivan D. Davis
United States Magistrate Judge

April 23, 2014
Alexandria, Virginia